IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACKIE HEADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-1151-WEB-KGG |
| ) | |
| WENDY'S/ARBY'S GROUP, INC., ) | |
| UNITED STATES BEEF CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER ON IFP STATUS

Plaintiff Jackie Heady filed an a federal court Complaint alleging disability discrimination in employment. Her Complaint indicates she "has mental retardation," but Defendant refused to accommodate her and terminated her employment after she was also diagnosed with a seizure disorder. (Doc. 1, at 3.)

In conjunction with her Complaint, Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 4, sealed). Having reviewed Plaintiff's motion, as well as her Complaint, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to her supporting financial affidavit, Plaintiff is 29-years-old, single, with no dependents.  (Doc. 4, sealed, at 1-2.)  She has been unemployed since the allegedly discriminatory termination of her employment.  She lists an amount received in Social Security benefits, which the Court surmises is an annual, rather than monthly, amount.  (*Id.*, at 5.)

Plaintiff does not own real property and pays a small amount for her monthly rent.  (*Id.*)  She has one very modest automobile, which she apparently owns outright.  (*Id.*, at 4.)  She lists an insignificant amount of cash on hand.  (*Id.*)

She also lists typical monthly expenses, including groceries, gas, telephone, and insurance, as well as certain other consumer debts. (*Id.*, at 5-6.) She has never filed for bankruptcy. (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has minor monthly expenses, but receives no current income other than government assistance. Although that income exceeds her expenses, it is by a nominal amount. Given her current financial situation, the Court finds that Plaintiff has established that she is entitled to file this action without payment of fees and costs. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs or Security (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

Dated at Wichita, Kansas, on this 2nd day of September, 2011.

        S/ KENNETH G. GALE
        KENNETH G. GALE
        United States Magistrate Judge